# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ROBIN WHITMORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-10-430-M |
| ) | |
| LIEUTENANT JONES; LIEUTENANT ) | |
| BENOIT; LIEUTENANT HARDING; and ) | |
| MARK BOWEN, DEPUTY WARDEN, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff David Robin Whitmore, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #21] to which Plaintiff has responded. *See* Plaintiff's Response to Defendants' Motion [Doc. #26] (Response). In addition, the Court has received the court-ordered Special Report [Doc. #23] (conventionally filed).

Following an order from the Court directing Defendants to file a reply to new matter submitted in Plaintiff's Response, *see* Order [Doc. #30], the Court has received the following

additional briefing: Defendants' Reply [Doc. #33] and Plaintiff's Objection to Defendants' Reply [Doc. #36].[1]

For the reasons set forth below, it is recommended that this action be dismissed with prejudice on the basis that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

## I. Background Facts/Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and is currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. His claims, however, arise out of his prior incarceration at Lawton Correctional Facility (LCF) in Lawton, Oklahoma. Plaintiff alleges that in January 2010, Defendant Jones, a lieutenant at LCF, threatened Plaintiff, telling Plaintiff that he was going to have other inmates attack Plaintiff. Plaintiff also alleges that Defendant Benoit, also a lieutenant at LCF, labeled him a snitch in front of other inmates. Plaintiff alleges that as a result of the Defendants' conduct, he has had fights and verbal confrontations with other inmates at LCF.

In Count I of the Complaint, Plaintiff alleges Defendant Jones threatened him, assassinated his character and tried to get other inmates to turn on him. Liberally construing Plaintiff's claims, he brings an Eighth Amendment claim of deliberate indifference against

---

[1]Plaintiff has also filed an objection to the Court's Order, *see* Objection to Magistrate's Order [Doc. #31]. The District Judge has not entered a ruling on Plaintiff's Objection, and the Objection remains pending as of the entry of this Report and Recommendation.

Defendant Jones. In Count II of the Complaint, Plaintiff brings a claim of conspiracy and slander, and, as with Defendant Jones, alleges Defendant Benoit tried to get other inmates to "jump" him. Again, liberally construing Plaintiff's claims, he brings an Eighth Amendment claim of deliberate indifference against Defendant Benoit. In his third and final Count, Plaintiff alleges that he complained to Defendants Harding and Bowen, whom he identifies as facility investigator and deputy warden of security, respectively, at LCF, about the conduct of Defendants Jones and Benoit, but Harding and Bowen failed to conduct a proper investigation. Plaintiff does not identify any constitutional basis for his claims against Defendants Harding and Bowen nor does he identify with any specificity the alleged conduct of these Defendants which serves as the basis for his claim.

As relief, Plaintiff seeks monetary damages, a public apology from Defendants and an "explanation" to inmates that Plaintiff is not a snitch.

**II.    Analysis**

Defendants have raised the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA). The court-ordered Special Report includes materials outside the pleadings. The Court has considered these materials, as well as additional

3

materials submitted by the parties, in determining whether Plaintiff exhausted his administrative remedies before filing this action. Therefore, Defendants' alternative Motion to Dismiss/Motion for Summary Judgment is treated as a motion for summary judgment on the issue of exhaustion. *See* Fed. R. Civ. P. 12(d); 56.

### A. Standard of Review

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 ( 1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

### B. Failure to Exhaust Administrative Remedies

The ODOC Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies. *See* Special Report [Doc. #23], Exhibit 2, Affidavit of David Clark (Clark Affidavit), ¶ 3 ("The grievance procedure at LCF is compliant with, and mandated by, Oklahoma Department of Corrections ("DOC") OP-090124."). The Grievance Process is attached to the Special Report. *See* Special Report, Exhibit 3, Offender Grievance Process.

The Grievance Process first requires an inmate to attempt to resolve his complaint by speaking to an appropriate staff member within three days of the incident. *See* Grievance Process, ¶ IV(A). If the problem is not resolved verbally, the inmate must proceed to the second step and submit a Request to Staff. *Id.*, ¶ IV(B). The Request to Staff must be submitted to the appropriate staff member and must state the inmate's problem, with specificity as to the nature of the complaint, dates, places and personnel involved and how the inmate was affected. The Request to Staff must be submitted within seven days of the date of the incident. *Id.*, ¶ IV(B)(2).

If dissatisfied with the response to the Request to Staff, an inmate must file a grievance with the reviewing authority or, if a medical grievance, the correctional health services administrator, within fifteen days of the incident or the date of the response to the Request to Staff, whichever is later. *Id.*, ¶ V(A), (B). The Grievance Process establishes time frames and procedures for responding to the grievance, including provisions for tracking grievances by assigning grievance numbers and stamping dates of receipt. *Id.*, ¶ V(C) and VI.

An inmate wishing to challenge a response to a grievance may file an appeal with the administrative review authority (ARA) or chief medical officer within fifteen days of receiving the response of the reviewing authority or correctional health services administrator. *Id.*, ¶ VII (A), (B). The ruling of the ARA or chief medical officer is final and concludes the administrative remedy procedures available through the ODOC's Grievance Process. *Id.*, ¶ VII (D).

The undisputed factual record demonstrates the following facts regarding Plaintiff's exhaustion of administrative remedies. On February 5, 2010, Plaintiff submitted a grievance, Grievance No. 10-157. *See* Plaintiff's Response, Exhibit A [Doc. #26-1] at electronic page 2. In that grievance, Plaintiff complains that he had not received a response to a request to staff he submitted to his Unit Manager on January 11, 2010. The grievance was returned unanswered to Plaintiff on March 3, 2010, on the following grounds: "No informal action taken, 'Request to Staff' response." *See* Plaintiff's Response, Exhibit A at electronic page 1.

The Grievance Process explicitly sets forth what action should be taken when an inmate does not receive a response to a Request to Staff:

> If there has been no response in 30 calendar days of submission, the offender may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member. The grievance may assert only the issue of the lack of response to the request to staff.

*See* Grievance Process, ¶ IV(B)(7). It is not clear why Plaintiff's Grievance No. 10-157 was returned unanswered. Plaintiff appears to have properly followed the Grievance Process when he did not get a response to the request to staff.[2] Indeed, as set forth *infra* (*see* page 8-9), the ARA found Plaintiff followed the procedures. Regardless, the Grievance Process expressly allows for the re-submission of a grievance that has been returned unanswered,

---

[2]Plaintiff stated in Grievance No. 10-157 that he submitted the request to staff to Unit Manager Underwood on January 11, 2010. He apparently did not attach a copy of the Request to Staff to the grievance. The DOC requires "evidence of submitting the 'Request to Staff' to the proper staff member," and so it appears the grievance may have been returned unanswered on the basis that a copy of the Request to Staff was not included with the submission of the grievance.

within ten calendar days from the date of receipt. *See* Grievance Process, ¶ (V)(A)(7). But, Plaintiff did not take any further action in response to the return of Grievance No. 10-157.

Instead, more than ten calendar days passed and on March 15, 2010, Plaintiff filed a new grievance, Grievance No. 10-215.[3] In that grievance, Plaintiff complains about the conduct which serves as the basis for the claims in this lawsuit. As the requested action he desired, Plaintiff stated that he wanted "an apology in front of the pod" and he wanted it explained to the pod that what was said about him (that he was a snitch) was not true. Grievance No. 10-215 was also returned unanswered. Plaintiff was advised the grievance

---

[3]In the Special Report, David Clark, the Grievance Coordinator at LCF, submitted an affidavit stating that all grievances at LCF are logged into the facility records as a matter of course and that upon his review of the facility records, Plaintiff did not file any grievances "for allegations related to the Complaint filed in CIV-2010-430-L." *See* Special Report, Exhibit 2, Clark Affidavit, ¶¶ 1, 2 and 5.

In responding to Defendants' Motion, however, Plaintiff attached evidence of his submission of grievances including Grievance No. 10-215. The Court, thereafter, entered an Order [Doc. #30], directing Defendants to file a Reply to this new matter submitted in Plaintiff's response. Defendants then submitted a Reply [Doc. #33] and attached a second Affidavit of David Clark. In that affidavit, Clark acknowledges Plaintiff's submission of grievances including Grievance No. 10-215 and explains that the statement in his original affidavit submitted with the Special Report was due to inadvertence based on the fact that certain records had not been "kept in the ordinary place" and were "overlooked." *See* Reply, Attachment 1, Affidavit of David Clark. Further details regarding the inadvertence are contained in the Affidavit and demonstrate the error in the original affidavit was not due to bad faith or purposeful delay on the part of the Defendants.

Plaintiff has filed an objection to the Court's Order calling for a reply, *see* Objection to Magistrate's Order [Doc. #31]. As previously set forth, the District Judge has not entered a ruling on Plaintiff's Objection. It should be noted, however, that the error made by David Clark in the original Affidavit submitted with the Special Report has not affected the undisputed factual record before the Court. Even without Clark's corrected affidavit, the Court would be required to consider the evidence of the grievances submitted by Plaintiff and construe the factual record in the light most favorable to Plaintiff as the non-moving party. *See Mauerhan v. Wagner Corp.*, – F.3d –, 2011 WL 1467571 at * 2 (10th Cir. April 19, 2011) (for publication). Therefore, for purposes of analyzing exhaustion of administrative remedies, the Court would have accepted as true that Plaintiff filed the grievances submitted, as the Court has done in the present analysis.

was "out of time from the date of the incident"[4] and further that a "request for disciplinary action against staff will not be addressed in the grievance process." *See* Plaintiff's Response, Exhibit B at electronic pages 1-2.

Plaintiff then filed an appeal to the ARA regarding the returned and unanswered Grievance No. 10-215. *See* Plaintiff's Response, Exhibit C at electronic pages 2-3. On April 8, 2010, the ARA returned, unanswered, the grievance appeal. The ARA advised Plaintiff of the following reasons for return of the grievance:

- "out of time from date of response to request to staff until filing of grievance with facility head"

- "[r]equests for disciplinary action against staff will not be addressed in the grievance process"

- "[a]dditional issues submitted in the grievance appeal and not presented in the initial grievance to the facility head for response, will not be addressed by this office"

- "followed the guidelines in OP-090124 and filed a grievance based on non-response"

*See* Plaintiff's Response, Exhibit C at electronic page 4.

---

[4]The Grievance Process provides the following time frame for submission of a grievance:

> The offender grievance must be submitted by the complaining offender within 15 calendar days of the incident, or the date of the response to the "Request to Staff" form, whichever is later. The "Request to Staff" must have been timely submitted as outlined in Section IV. B. item 2 of this procedure.

*See* Grievance Process ¶V(A)(1). The Request to Staff must be submitted "within seven calendar days of the incident." *See* Grievance Process, ¶IV(B)(2).

Plaintiff took no further action with respect to exhaustion of administrative remedies. Instead, Plaintiff proceeded to file this lawsuit on April 28, 2010.[5]

"To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (*citing Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Although it appears Plaintiff may have acted in earnest in his attempts to follow the Grievance Process, as set forth above, the undisputed evidence in the record before the Court demonstrates that Plaintiff did not properly follow all the steps permitted by the Grievance Process. When Plaintiff did not receive a response to his Request to Staff, his remedy was to submit a grievance on this issue. Plaintiff did so, but prison officials determined he did not properly submit evidence of his Request to Staff. At that stage, Plaintiff should have resubmitted the grievance within 10 calendar days, as provided by the Grievance Process. Instead, Plaintiff initiated a new grievance and prison officials rejected the grievance as untimely. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) ("[C]laims rejected by the prison grievance system on procedural grounds are still considered unexhausted."), *overruling on other grounds recognized in Robbins v. Oklahoma*, 519 F.3d

---

[5]Plaintiff's Response includes an additional grievance, Grievance No. 10-620, filed on October 5, 2010, relating to events after Plaintiff initiated this litigation. *See* Plaintiff's Response, Exhibit I. Also, in his Objection to Defendants' Reply [Doc. #36], Plaintiff includes additional grievances also related to events after Plaintiff initiated this litigation. *See id.*, Exhibits J, K and L. These grievances are not pertinent to exhaustion of administrative remedies of the claims raised in the Complaint.

It appears that due to Plaintiff's numerous grievance submissions, the ODOC has placed Plaintiff on grievance restriction. *See, e.g.,* Plaintiff's Objection, Exhibit J (grievances returned on grounds that Plaintiff is on grievance restriction and has not included proper documentation).

1242 (10th Cir. 2008). Because substantial compliance is insufficient to satisfy § 1997e(a)'s exhaustion requirement, Plaintiff has not exhausted administrative remedies.

It is recommended that the Defendants' Motion, construed as a Motion for Summary Judgment, be granted on grounds of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). It is further recommended that the Complaint be dismissed with prejudice. *See Kikumura,* 461 F.3d at 1290 (when a prisoner's claim has been rejected by prison authorities on procedural grounds, that claim "should be dismissed from the plaintiff's complaint with prejudice"); *see also Van Houten v. Marlett*, 330 Fed. Appx. 161, 163 (10th Cir. May 14, 2009) (unpublished op.) (affirming dismissal with prejudice of prisoner's complaint where prisoner failed to timely exhaust administrative remedies).

### III.  Additional Pending Motions

Also pending before the Court are the following additional Motions:

(1)  Plaintiff's' Motion for Appointment of Counsel [Doc. #28];

(2)  Plaintiff's Motion for Temporary Injunction and Preliminary Injunction [Doc. #29]; and

(3)  Defendants' Motion for Protective Order [Doc. #34].

Based upon the recommendation for dismissal with prejudice for failure to exhaust administrative remedies, these pending motions should be denied as moot.

### RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. #21], construed as a motion for summary judgment, be granted based on

Plaintiff's failure to exhaust his administrative remedies. It is further recommended that the Complaint be dismissed with prejudice. Finally, it is recommended that the following pending motions be denied as moot: (1) Plaintiff's' Motion for Appointment of Counsel [Doc. #28]; (2) Plaintiff's Motion for Temporary Injunction and Preliminary Injunction [Doc. #29]; and (3) Defendants' Motion for Protective Order [Doc. #34].

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by May 20th, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this 29th day of April, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE