IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WHITMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-10-430-M ) |
| LT. JONES, *et al.*, | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Mr. David Whitmore, a *pro se* state inmate, sued under 42 U.S.C. § 1983 for retaliation, threats, and irregularities in an investigation. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at ECF[1] pp. 3-5 (Apr. 28, 2010).

Defendants Jones, Benoit, Harding, and Bowen moved for dismissal or summary judgment, and the Court granted summary judgment on the defense involving nonexhaustion of administrative remedies. Order at p. 1 (June 17, 2011). On appeal, the Tenth Circuit Court of Appeals vacated the district court decision and remanded for consideration of the Plaintiff's argument that prison officials had "thwarted his attempts to exhaust his formal administrative remedies as they pertain[ed] to his grievance No. 10-215." *Whitmore v. Jones*, 456 Fed. Appx. 747, 748, 750 (10th Cir. Jan. 11, 2012) (unpublished op.). On remand, the

---

[1] "ECF p. __" refers to the CMECF pagination.

Court should again grant the Defendants' motion for summary judgment because no genuine issue of material fact exists on the exhaustion defense.

## STANDARD FOR SUMMARY JUDGMENT

In part, the Defendants have moved for summary judgment on the basis of a failure to exhaust administrative remedies. Motion to Dismiss/Motion for Summary Judgment and Brief in Support at pp. 1, 3-5 (Aug. 30, 2010) ("Motion for Summary Judgment"). The Court should grant summary judgment when "there is no genuine dispute as to any material fact and [the movants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

Because exhaustion involves an affirmative defense,[2] the Defendants bear the burden of proof.[3] As a result, the Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the Defendants satisfy this burden, Mr. Whitmore would incur a duty to "demonstrate with specificity the existence of a disputed material fact"[4] or "show that remedies were unavailable to him as a result of" the actions of prison officials.[5] In the absence of either showing, the Defendants would be entitled to summary judgment on the affirmative defense. *See id.*

## NONEXHAUSTION OF ADMINISTRATIVE REMEDIES

According to the Defendants, Mr. Whitmore failed to properly exhaust administrative remedies because he did not correctly pursue agency remedies after the return of his grievance. Defendants' Response to Plaintiff's Response to Defendant's Motion to Dismiss at pp. 2-3 (Feb. 8, 2011).[6] According to the Plaintiff, further administrative remedies were

---

[2]    *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act]").

[3]    *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant.").

[4]    *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[5]    *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

[6]    The Defendants initially asserted that the Plaintiff had not filed a grievance. Motion for Summary Judgment at p. 5. When Mr. Whitmore submitted a grievance with his response brief, the Court ordered the Defendants to again address the issue. Order (Jan. 25, 2011); *see* Plaintiff's Response to Defendant's Motion to Dismiss/Motion for Summary Judgment, Exh. B at ECF p. 2 (Oct. 22, 2010) ("Plaintiff's Response"). The Defendants then acknowledged the filing of a

unavailable. But the Plaintiff has failed to create a genuine issue of material fact on this argument.

I.  The Statutory Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

II.  The Administrative Process

To properly exhaust claims at the administrative level, Mr. Whitmore had to follow the "Offender Grievance Process" set forth in Department of Corrections OP-090124. *See* Special Report, Exh. 3 (Aug. 30, 2010) ("Special Report").

The first requirement involved an attempt to informally resolve the issue with the relevant staff member. *See id.*, Exh. 3 at p. 5. If that attempt proved unsuccessful, the Plaintiff could file a request to staff. *See id.* If the request to staff went unanswered for 30 days, the Plaintiff could file a grievance complaining about the lack of a response. *See id.*, Exh. 3 at p. 6. If Mr. Whitmore received a response to his request to staff but remained

---

grievance, but argued that the Plaintiff had failed to complete the administrative process. *See supra* text accompanying note.

dissatisfied, he could file a grievance with the facility head. *See id.*[7] Finally, if the Plaintiff remained dissatisfied with the response to the grievance, he could appeal to the administrative review authority. *See id.*, Exh. 3 at p. 10.

III.     The Evidence Regarding Exhaustion and the Availability of a Remedy

When "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted). But this sort of excuse is unjustified here.

The administrative review authority rejected the grievance appeal on grounds that too much time had passed between the response to the request to staff and the filing of a grievance. *See* Plaintiff's Response, Exh. C at ECF p. 4. Mr. Whitmore acknowledges that the grievance was untimely. But he blames the time-lapse on prison officials for their delay in sending him the response to a request to staff. Plaintiff's Objection to Defendant's Response to Plaintiff's Response to Defendant's Motion to Dismiss at p. 8 (Mar. 4, 2011) ("Plaintiff's Reply"); Plaintiff's Response at p. 5. The Plaintiff's assignment of blame is misplaced.

Mr. Whitmore filed a request to staff on February 4, 2010, and Lieutenant Harding responded with a document bearing a date of February 10, 2010. *See* Plaintiff's Response,

---

[7]     The policy states that the grievance must be filed with the "reviewing authority." Special Report, Exh. 3 at p. 7. The "reviewing authority" is elsewhere defined as the facility head. *Id.*, Exh. 3 at p. 2.

Exh. B at ECF p. 3.[8]  If dissatisfied with this response, Mr. Whitmore had 15 days to file a grievance.  *See* Special Report, Exh. 3 at p. 6; *see also infra* p. 7.

The Plaintiff alleges that prison officials had "thwart[ed]" his effort to properly exhaust because he did not receive Defendant Harding's response to the request to staff until March 12, 2010.  Plaintiff's Reply at p. 8.  But even when the evidence is construed in the light most favorable to Mr. Whitmore, the delay would have resulted from his failure to follow the proper procedures rather than tardiness on the part of Lieutenant Harding.

The threshold issue is whether the grievance was late.  It clearly was, and Mr. Whitmore does not argue to the contrary.  The grievance was due fifteen days from "the date of the response to the 'Request to Staff' form."  Special Report, Exh. 3 at p. 6; *see supra* p. 6; *infra* note 9.  Mr. Harding's response bears a date of February 10, 2010.  Plaintiff's Response, Exh. B at ECF p. 3; *see supra* pp. 5-6.  The fifteen-day period would have elapsed on February 25, 2010, and Mr. Whitmore waited until March 15, 2010, to file the grievance.  Plaintiff's Reply, Exh. 5.  This grievance was eighteen days late under the policy.[9]

---

[8]   Mr. Whitmore contends that he had filed an earlier request to staff that went unanswered.  Plaintiff's Response at p. 14.  However, the administrative review authority rejected the Plaintiff's appeal based on the failure to timely file a grievance after the denial of his February 4, 2010, request to staff.  *See* Plaintiff's Response, Exh. B at ECF p. 3, Exh. C at ECF pp. 2-4.  Thus, the Plaintiff's earlier request to staff is not material to the outcome.

[9]   Authorities returned the grievance, stating that it was "[o]ut of time from the date of the incident."  Plaintiff's Response, Exh. B at p. 1.  The grievance was actually late because too much time had passed since the response to the request to staff.  *See* Special Report, Exh. 3 at p. 6 (stating that the 15-day period for the grievance runs from the incident or the response to the request to staff, whichever is later).

The lateness of the grievance triggers the Plaintiff's argument that Lieutenant Harding's delay in responding to the request to staff had prevented compliance with the grievance deadline. According to the Plaintiff, the 30-day delay in providing him with an answer to his request to staff would have prevented him from filing a grievance within fifteen days of "the date of the response to the 'Request to Staff' form." *Supra* p. 6 (quoting Special Report, Exh. 3 at p. 6). The Court may assume *arguendo* that Mr. Whitmore is correct.

Still, Mr. Whitmore had an administrative remedy for this situation. For example, the administrative policy provides: "The reviewing authority [defined elsewhere as the facility head][10] may choose to extend the submitting period up to 60 days for good cause." Special Report, Exh. 3 at p. 7. If Mr. Whitmore received the response to the request to staff on March 12, 2010, 30 days after it was dated, he could have asked the facility head to extend the deadline up to 60 days. With 60 additional days, Mr. Whitmore could have filed the grievance by April 16, 2010, even with the alleged delay in his receipt of the answer to his request to staff.

Mr. Whitmore could have complied with this deadline, as evidenced by the fact that he ultimately filed the grievance on March 15, 2010. *See supra* p. 6. That filing was considered untimely only because Mr. Whitmore did not seek leave to file the grievance out of time. If he had done so, he could have explained the inability to file a grievance by

---

[10]   Special Report, Exh. 3 at p. 2; *see supra* pp. 4-5 & note 7.

February 25, 2010. The failure to seek leave for a grievance out of time is fatal on the exhaustion defense.[11]

Mr. Whitmore concedes that he did not file a request for leave to submit the grievance out of time, but states that he did not pursue this avenue "because [he] submitted [his] original grievance in time, and the Unit manger [sic] did not respond to it as required by policy." Plaintiff's Reply, Exh. B at p. 2. The Court is unsure why the Plaintiff would decline to request extra time to file his grievance based on a unit manager's delay in responding to an earlier request to staff. But, the Plaintiff's reasons are unimportant. Even if Mr. Whitmore had acted wisely, he admittedly failed to pursue an available administrative step — a request for leave to file the grievance out of time — when authorities allegedly took too much time in responding to his request to staff.

Authorities ultimately returned the administrative appeal, again because the grievance had been filed too late.[12] At that point, the Plaintiff complains that officials again "thwarted"

---

[11]  *See*, *e.g.*, *Smith v. Beck*, 165 Fed. Appx. 681, 684 (10th Cir. Feb. 8, 2006) (unpublished op.) (holding that an Oklahoma prisoner had failed to exhaust the Department of Corrections remedies in part because he failed to obtain permission from the prison director to file a grievance out of time); *King v. Calabrese*, CIV-01-1354-M, slip op. at 3 n.5 (W.D. Okla. Dec. 31, 2001) (unpublished report by magistrate judge, concluding that an Oklahoma inmate had available administrative remedies through the filing of a request for leave to submit a grievance out of time), *adopted* (W.D. Okla. Feb. 7, 2002) (unpublished order by district judge); *accord Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*) ("Since [the inmate-plaintiff] has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

[12]  Plaintiff's Response, Exh. C at ECF p. 4. When the authorities returned the administrative appeal, they also noted that some of the grounds had not been properly preserved and that Mr. Whitmore had requested a remedy that was not available. *Id.*

exhaustion by failing to check the box allowing resubmission within ten days. *See* Plaintiff's Response at p. 5; Plaintiff's Reply at p. 4.  Resubmission would not have cured the problem of timeliness because the grievance would still have been considered late.

Even if Mr. Whitmore had earlier failed to seek extra time for the grievance, he would have had a new opportunity to do so once his administrative appeal was returned.  The administrative policies provide:

> If a grievance has been denied by the reviewing authority [facility head] and the administrative reviewing authority due to the grievance not being submitted in a timely manner, the offender may make a request to submit a grievance out of time by submission of the "Request to Submit a Misconduct/Grievance Appeal Out of Time" form.

Special Report, Exh. 3 at p. 16.

Thus, when the administrative appeal was returned on grounds of timeliness, Mr. Whitmore would have had a second opportunity to request leave to file the grievance out of time.  With this mechanism in place, officials would have had little reason to suggest a futile resubmission of the grievance appeal.  Instead, the return of the grievance appeal allowed Mr. Whitmore to seek leave for a second time to submit the grievance out of time.

The Plaintiff suggests that prison officials had a responsibility to inform him that he could request permission to file a grievance out of time.  *See* Plaintiff's Reply at p. 8.  However, an inmate's alleged ignorance of the grievance procedures would not excuse exhaustion.  *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting an inmate's claim that authorities should have told him that he needed to follow administrative procedures).

The Plaintiff had two opportunities to avoid a time-bar through an extension of time to file the grievance. Therefore, the Plaintiff has failed to create a genuine issue of material fact on his claim that prison officials had thwarted or hindered exhaustion. *See supra* pp. 2, 5.

IV.    Summary

Mr. Whitmore failed to properly complete the administrative process, and that failure cannot be blamed on prison officials. Accordingly, the Court should again grant summary judgment to the Defendants based on nonexhaustion of administrative remedies.[13]

### NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report. To object, the party must file an objection with the Clerk of this Court by August 2, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### STATUS OF THE REFERRAL

The referral is discharged.

Entered this 16th day of July, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[13]    In light of this conclusion and the appeals court's instructions on remand, the Court need not address the Defendants' other arguments for summary judgment.